**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2013 AUG 14 AM 11:50
FILED
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**MELISSA SYLVIA MAE NOIROT,**

**Plaintiff,**

**CASE NO.:** 8:13 CV2121 T35 MAP

**-VS-**

**ADCAHB MEDICAL COVERAGES, INC., A Florida Corporation, and BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE, A Florida Corporation,**

**Defendants.**

_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MELISSA SYLVIA MAE NOIROT, sues the Defendants, ADCAHB MEDICAL COVERAGES, INC., and BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE and alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for money damages in an amount that exceeds $15,000, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendants in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), and the regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "Regulations"), in addition to recovery of attorneys' fees pursuant to section 501.059(10)(a), Florida Statutes.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related claims.

TPA-18875
$400

4. The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida.

6. Plaintiff is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

7. Defendant ADCAHB MEDICAL COVERAGES, INC., (hereafter "ADCAHB") is a Florida corporation, duly organized and existing under the laws of the State of Florida, with its principal place of business in Coral Springs, Broward County, Florida.

8. Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., d/b/a FLORIDA BLUE (hereafter "FLORIDA BLUE") is a Florida corporation, duly organized and existing under the laws of the State of Florida, with its principal place of business in Jacksonville, Duval County, Florida.

9. At all times material, Defendant FLORIDA BLUE was and is a Florida Domestic Insurer licensed to write and sell policies of insurance, including but not limited to health insurance, in the state of Florida as an Independent Licensee of the Blue Cross Blue Shield Association.

10. Defendant FLORIDA BLUE is not a tax exempt nonprofit organization.

11. At all times material hereto, Defendant ADCAHB was and is licensed to conduct business in the state of Florida as an insurance agency.

12. At all times material hereto, Defendant ADCAHB was and is a contracted general agency of Defendant FLORIDA BLUE, in which capacity ADCAHB engages in the business of marketing, solicitation, and sale of insurance policies on behalf of Defendant FLORIDA BLUE in exchange for compensation from Defendant FLORIDA BLUE in the form of commission. Defendant ADCAHB's marketing and solicitation of insurance on behalf of FLORIDA BLUE includes the voluminous placement of outbound solicitation calls to residents of Florida using an automated telephone dialing system.

13. Accordingly, Defendant FLORIDA BLUE is a "seller" as that term is defined by 47 C.F.R. § 64.1200(f)(9).

14. In or about June of 2013, Plaintiff began receiving telephone calls from Defendant ADCAHB on her cellular telephone number, (727) 238-9094. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from the following phone number: (954) 369-0076.

15. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 238-9094, and was the called party and recipient of Defendant ADCAHB's telephone solicitation calls.

16. Upon information and belief, the telephone solicitation calls at issue were placed by Defendant ADCAHB using an "automated telephone dialing system" or "autodialer" as defined by the TCPA and its Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

17. Additionally, the telephone solicitation calls at issue were placed by Defendant ADCAHB using an artificial or prerecorded voice.

18.     On at least twenty-six (26) separate occasions beginning on or about June 20, 2013, Defendant ADCAHB left a prerecorded or artificial voice message on Plaintiff's cellular telephone voice mail stating as follows:

> This is a contracting general agency for Blue Cross Blue Shield of Florida, calling to let you know about our new health care reform ready plans. Please call us back at (877) 470-5629. Thank you, have a great day.

19.     The above described prerecorded or artificial message by Defendant ADCAHB regarding the commercial availability of insurance and insurance-related services was an "advertisement" as defined by 47 C.F.R. § 64.1200(f)(1) and 47 C.F.R. § 64.1200(b)(3).

20.     Furthermore, because the above described calls by Defendant ADCAHB using a prerecorded or artificial message regarding the commercial availability of insurance and insurance-related services was made without the "express invitation or permission" of Plaintiff, the calls constitute "unsolicited advertisements" as defined by 47 C.F.R. § 64.1200(f)(14).

21.     Defendant ADCAHB initiated each of the phone calls at issue to Plaintiff for the purpose of encouraging the purchase of insurance and insurance-related services by Plaintiff for the financial benefit of Defendant ADCAHB and Defendant FLORIDA BLUE. Accordingly, the calls constituted "telephone solicitation" as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(4) and 47 C.F.R. § 64.1200(f)(14).

22.     In placing the above described telephone solicitation calls to Plaintiff, Defendant ADCAHB acted as a "telemarketer" and engaged in "telemarketing" as defined by the applicable Rules and Regulations, 47 C.F.R. § 64.1200(f)(11) - (12).

23.     Defendant ADCAHB has placed approximately forty (40) such telephone solicitation calls to Plaintiff's aforementioned cellular telephone number since on or about June 20, 2013, and the calls continue through the date of filing of this Complaint. Moreover,

Defendant's harassing telephone solicitation campaign involved the placement of the above described telemarketing calls to Plaintiff's cellular telephone number and leaving of the above described prerecorded voice message on Plaintiff's voice mail numerous times per day and on back to back days, including as many as five (5) times on June 26, 2013, followed by six (6) times the very next day.

24. Defendant ADCAHB has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to solicit the sale of insurance and insurance-related services from individuals such as Plaintiff for its financial benefit and the benefit of Defendant FLORIDA BLUE.

25. Defendant ADCAHB willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

26. Defendant ADCAHB followed its corporate policy when *attempting to* communicate with the Plaintiff.

27. Defendant ADCAHB has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

28. Defendant ADCAHB knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up its autodialer in a manner which makes it virtually impossible for the automated calls to stop.

### COUNT I - VIOLATION OF THE TCPA AGAINST ADCAHB

29. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through twenty-eight (28), as if fully set forth herein.

30. None of the calls at issue were placed by Defendant ADCAHB to Plaintiff's cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

31. Furthermore, none of the calls at issue were placed by Defendant ADCAHB to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

32. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

33. Defendant ADCAHB willfully and/or knowingly violated the TCPA with respect to Plaintiff by using a prerecorded and/or artificial voice message which failed to disclose the name under which it is registered to conduct business with the Florida Department of State, in violation of the applicable Rules and Regulations set forth under 47 C.F.R. § 64.1200(b)(1).

34. The TCPA provides Plaintiff with a private right of action against Defendant ADCAHB for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant ADCAHB for statutory damages, actual damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II - VIOLATION OF THE TCPA AGAINST FLORIDA BLUE

35. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through twenty-eight (28), as if fully set forth herein. Plaintiff further incorporates each allegation of Count I, above, as if fully set forth herein.

36. The telephone solicitation and/or telemarketing calls giving rise to the above described TCPA violations by Defendant FLORIDA BLUE's contracted agent, Defendant ADCAHB, were made "on behalf of" Defendant FLORIDA BLUE in that the calls at issue were made to market and solicit the sale of insurance and insurance-related services provided by Defendant FLORIDA BLUE, and were intended to inure to the benefit of and further the interests of Defendant FLORIDA BLUE.

37. Accordingly, Defendant FLORIDA BLUE is vicariously liable for Defendant ADCAHB's violations of the TCPA, as described herein. *See* 28 F.C.C.R. 6574, 28 FCC Rcd. 6574, 58 Communications Reg. (P&F) 355.

38. The TCPA provides Plaintiff with a private right of action against Defendant FLORIDA BLUE for its violations of the TCPA, by and through Defendant ADCAHB, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant FLORIDA BLUE for statutory damages, actual damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT III – ATTORNEYS' FEE DEMMAND PURSUANT TO SECTION 501.059, FLORIDA STATUTES

39. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through twenty-eight (28), as if fully set forth herein. Plaintiff further incorporates each allegation of Counts I and II as if fully set forth herein.

40. Plaintiff is a "consumer" as that term is defined by section 501.059(1)(e), Florida Statutes.

41. Defendant ADCAHB is a "telephone solicitor" as that term is defined under section 501.059(1)(d), Florida Statutes.

42. The phone calls placed by Defendant ADCAHB to Plaintiff's cellular telephone number, as described herein, were "telephonic sales calls" as defined by section 501.059(1)(a), Florida Statutes.

43. The conduct giving rise to Plaintiff's claims against Defendants for violation of the TCPA, as set forth in Counts I and II, also violated numerous analogous provisions of section 501.059, Florida Statutes, including but not limited to:

44. The above described calls placed by Defendant ADCAHB to Plaintiff's cellular telephone number were not made in response to an express request of Plaintiff or in connection with an existing debt or contract. Furthermore, Defendant ADCAHB did not at any material time hereto have a prior or existing business relationship with Plaintiff. Accordingly, the phone calls placed by Defendant ADCAHB to Plaintiff's cellular telephone number, as described herein, were "unsolicited telephonic sales calls" as defined by section 501.059(1)(c), Florida Statutes.

45. Defendant ADCAHB willfully and/or knowingly violated section 501.059(2), Florida Statutes, by repeatedly placing unsolicited telephonic sales call to Plaintiff's cellular

telephone number using a prerecorded or artificial message that failed to disclose Defendant's identity as required under Florida law.

46. Defendant ADCAHB willfully and/or knowingly violated section 501.059(8)(a), Florida Statutes, by repeatedly placing telephonic sales calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or playing a prerecorded message when the connection to Plaintiff's cellular telephone number was completed.

47. Section 501.059(10)(a) provides that the prevailing party in any civil litigation resulting from a transaction involving a violation of section 501.059, Florida Statutes, is entitled to recover her reasonable attorneys' fees and costs.

48. Counts I and II of this Complaint alleging violations of the TCPA by Defendants ADCAHB and FLORIDA BLUE, as incorporated herein, constitute "civil litigation resulting from a transaction involving" conduct that violates section 501.059, Florida Statutes, as set forth above.

49. Plaintiff has been required to retain the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff demands judgment against Defendants ADCAHB and FLORIDA BLUE for attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint and Demand for Jury Trial has been served on Defendant through Personal Service of Process or Service of Process on its Registered Agent.

                                    Respectfully submitted,

                                    /s/ David P. Mitchell

David P. Mitchell, Esquire
Morgan & Morgan, Tampa, P.A.
Florida Bar No: 0067249
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Attorney for Plaintiff
Primary: DMitchell@ForThePeople.com
Secondary: VMarrero@ForThePeople.com